IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTIAN KILLIAN,

                     Petitioner,                      OPINION and ORDER

    v.

                                                        20-cv-902-jdp
UNITED STATES OF AMERICA,                      19-cr-26-jdp

                     Respondent.

---

Defendant Christian Killian pleaded guilty to armed robbery, in violation of 18 U.S.C. § 1951, and possession of a firearm in furtherance of the robbery, in violation of 18 U.S.C. § 924(c). I imposed a sentence of 12 months on the armed robbery count and the mandatory consecutive five years on the § 924(c) count, for a total sentence of 72 months. Killian did not appeal.

A little more than a year after his sentencing, Killian filed a petition for relief under 28 U.S.C. § 2255. Dkt. 1.[1] Killian says that his defense counsel (Joe Bugni of Federal Defender Services) told him to expect a one-day sentence for the underlying robbery. Killian asserts that defense counsel was ineffective because counsel did not adequately explain Killian's conduct after the armed robbery, committed on a January night with temperatures ranging from 20 to 30 degrees below zero. Killian fled from police into a marsh, discarded the firearm (which was never found), and suffered from hypothermia and frostbite before he surrendered to a SWAT team more than two hours later.

---

[1] Docket citations are to Case No. 20-cv-902 except where noted.

The government promptly opposed the petition. Dkt. 3. Killian requested extra time to file his reply, which he hoped would be supported by an affidavit from his defense counsel. Dkt. 8. That request has been pending since January 4, 2021. After more than a year, Killian has not filed any supporting affidavit, or any other follow-up. The original petition included a thorough explanation of the grounds for relief. The requested extension is denied, and I'll decide the petition on the merits.

To show that his counsel was ineffective, Killian must show both that counsel's performance was deficient, and that he was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668 (1984). As the sentencing judge, I saw counsel's performance first-hand. Based on my own observations and the record of the case, it's clear that counsel's performance was not deficient.

Killian says that counsel told him that he would get a one-day sentence on the underlying robbery. Counsel's sentencing prediction, even if wrong, cannot constitute deficient performance because the prediction itself has no effect on the court's decision. More important, Killian disavowed that he had been told he would get any particular sentence at his plea hearing, and he acknowledged that the sentencing decision would be up to the judge. Dkt. 32 in Case No. 19-cr-26 (transcript at 17–18). Counsel did indeed request a one-day sentence for the robbery in a written memorandum, Dkt. 24 in Case. No. 19-cr-26, and at the sentencing hearing. Counsel made a valiant argument, which persuaded me to impose a sentence well below the guideline range of 37 to 46 months.

But I wasn't persuaded by the specific recommendation of a one-day sentence because of several aggravating factors. I described those factors in the Statement of Reasons:

> The objective of public safety is adequately met by the five-year mandatory term of incarceration. However, additional

> punishment is warranted because of multiple aggravating factors. The defendant's effort to avoid apprehension required the expenditure of extraordinary resources and put law enforcement at risk of weather-related harm. Defendant's unknown disposition of the firearm leaves the community at risk. Defendant committed this offense while on bond for two felony drunk driving offenses in state court. When the defendant is in the thro[es] of his addiction, he is a menace who would do almost anything to get his next drink. Previous convictions did not deter him and ultimately his addiction escalated to an act of violence. But defendant is not irredeemable, nor is he committed to criminality, apart from the effects of his addiction.

Dkt. 29 in Case. No. 19-cr-26, at 5.

Killian's main argument is that his counsel failed to investigate the effect of hypothermia on his post-robbery conduct. He submits a printout from WebMD showing that hypothermia can cause confusion. Dkt. 1-1. He says in a declaration that hypothermia-induced confusion was the reason it took so long for him to get out of the marsh and surrender. Dkt. 2.

As the government points out, Killian's hypothermia was the *result* of his initial flight; hypothermia did not cause him to flee into the marsh. Even if hypothermia explains why he remained at large for more than two hours, it does not explain the robbery itself, his initial flight, or his ditching the gun. It was well within the range of judgment by competent counsel to focus the sentencing argument on Killian's personal history and his addiction rather than the effects of hypothermia.

Killian also says that counsel should have pointed out that he did not flee on some of the previous occasions when he was arrested for drunk driving. But he did flee on one other occasion, Dkt. 21 in Case No. 19-cr-26, ¶ 32, and he faced several charges of bail jumping in 2016, *id.*, ¶ 35. So he has not consistently complied with directives of law enforcement and the courts. I was aware of all these facts from the criminal history section of the presentence report,

3

and it's unlikely that competent counsel would argue that Killian's conduct during his several arrests for drunk driving was a mitigating factor.

Killian has come nowhere close to demonstrating deficient performance by his defense counsel. Nor could he demonstrate prejudice from the choices of defense counsel. In light of the aggravating factors I cited in the statement of reasons, I would not have found argument about the effect of hypothermia-induced confusion at all persuasive.

Under Rule 11 of the Rules Governing Section 2255 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless Killian makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. Killian has not made a showing, substantial or otherwise, that he is entitled to relief. Because reasonable jurists would not debate whether a different result is required, I will not issue Killian a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Christian Killian's motion for extension of time to file his reply, Dkt. 8, is DENIED.
2. Killian's petition for relief under 28 U.S.C. § 2255 is DENIED.

3. Killian is DENIED a certificate of appealability. If Killian wishes, he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered April 5, 2022.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge